IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JONATHAN BRYANT,                :
                                :
          Plaintiff,            :
                                :
     v.                         :    Civil Action No. 16-613-RGA
                                :
DR. DAVID M. AUGUST, et al.,    :
                                :
          Defendants.           :

Jonathan Bryant, Plummer Community Corrections Center, Wilmington, Delaware; Pro Se Plaintiff.

Dana Spring Monzo, Esquire, and Roopa Sabesan, Esquire, White & Williams, Wilmington, Delaware, Counsel for Defendants.

**MEMORANDUM OPINION**

January 9, 2018
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Jonathan Bryant, an inmate at the Plummer Community Corrections Center, filed this action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and has been granted leave to proceed in *forma pauperis*. The Court screened the amended complaint on March 20, 2017, and identified cognizable and non-frivolous clams. (*See* D.I. 18). Defendants move for dismissal for insufficient process and insufficient service of process. (D.I. 29). Plaintiff opposes. (D.I. 31). Briefing on the matter is complete

## BACKGROUND

On March 20, 2017, the Court screened the amended complaint, identified cognizable and non-frivolous clams, and entered a service order for five medical defendants. (*See* D.I. 18). Summonses were issued and service packets were sent to the United States Marshals Service on May 2, 2017. Executed returns were filed on the court docket on May 23, 2017. (D.I. 21, 22, 23, 24, 25). The returns indicate the service packets were accepted by Ryan McBride.

## DISCUSSION

Defendants move to dismiss the claims against medical Defendants for insufficiency of service pursuant to Fed. R. Civ. P. 4(e) and Fed. R. Civ. P. 12(b)(5), on the grounds that the service packets were delivered to a Connections' employee who is not an agent authorized to accept service on behalf of the medical defendants. (D.I. 29). In addition, Defendants indicate that it is unable to identify an employee referred to by Plaintiff as Ms. Callahan. (*Id.*).

A defendant may file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) when a plaintiff fails to properly serve him or her with the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5). A plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) imposes a 90-day time limit for perfection of service following the filing of a complaint. Fed. R. Civ. P. 4(m). If service is not completed within that time, the action is subject to dismissal without prejudice. *Id. See also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

The Court has been advised that it is the policy of Connections that it, and its employees, will not waive service as set forth in Fed. R. Civ. P. 4(d). As a result, Connections and its employees must be personally served with a summons and complaint. The record reflects summonses were issued so Defendants could be personally served by the United States Marshal Service. The Court notes that in attempting to effect service, Plaintiff has complied with all court orders to serve Defendants.

Plaintiff in an incarcerated individual. As an incarcerated individual, he must rely upon the USMS to effectuate service. The USMS delivered the service packets for Defendants to Ryan McBride, an individual employed by Connections Community Support Programs, Inc. Defendants state that McBride is not authorized to accept service on behalf of Defendants. Defendants do not indicate why McBride accepted the service packet when he was not authorized to accept service.

2

Under Rule 12(b)(5), the Court has "broad discretion" in deciding whether to dismiss the complaint for insufficient service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). The Third Circuit has instructed that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Id.* Given that instruction, the Court will deny the motion to dismiss for insufficient service of process.

Pursuant to Fed. R. Civ. P. 4(d), Defendants were required to waive service. They have taken the position that they will not waive service despite the fact that Rule 4(d) affirmatively imposes the "duty to avoid unnecessary expenses of serving the summons" upon the defendants. *Id.* If defendant "fails, without good cause, to sign and return [the] waiver" requested by plaintiff within a "reasonable time," the court "must impose on [defendant]": (A) the "expenses later incurred in making service"; and (B) the "reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." *See* Fed. R. Civ. P. 4(d)(1)(F), 4(d)(2)(A), 4(d)(2)(B). In light of the foregoing, Plaintiff will be given another opportunity to personally serve Defendants (with the exception of Ms. Callahan who is not identified as a Connections' employee). Also, given Defendants' position on waiver of service of summons under Fed. R. Civ. P. 4(d) in the first instance, each served defendant will be assessed service fees as allowed by the Federal Rules of Civil Procedure.

Finally, the Court has a responsibility to assist *pro se* plaintiffs in the service of process. *See Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010). This Court has entered orders to assist *pro se* plaintiffs in obtaining addresses of defendants so that

3

service may be effected. *See also In re Johnson*, 2001 WL 1286254 (D.C. Cir. Sept. 28, 2001) (district court ordered individual to indicate where and when he was available for service of process or to provide district court with name and address of individual authorized to accept service of process on his behalf); *Palmer v. Stewart*, 2003 WL 21279440 (S.D.N.Y June 4, 2003) (court ordered counsel for New York City to file an affidavit containing name and address to assist *pro se* plaintiff in service of process); *Garrett v. Miller*, 2003 WL 1790954 (N.D. Ill. Apr. 1, 2003) (counsel for defendants ordered to provide address to court to assist pro se plaintiff in obtaining service of process). Additionally, the Court's inherent power allows it to enter orders to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962)). Without the correct address, Plaintiff cannot effect service.

Therefore, the Court will order Connections (who has appeared through counsel) to provide to the Court, under seal, the last known home and business addresses for Dr. David M. August, Dr. Michelle Markantun, and Dr. Mark Richardson, whether they remain employed by Connections, and if known, the correctional facility where they are now located, so that they may be served.

Plaintiff recently filed a letter/motion for issuance of subpoena for prison records. (D.I. 35). The letter/motion will be denied without prejudice as premature given that the parties have not yet been properly served.

## CONCLUSION

Based upon the above discussion, the Court will: (1) deny Defendants' motion to

4

dismiss (D.I. 29); (2) dismiss Ms. Callahan; (3) enter a supplemental service order for Connections; (4) order Connections to provide the last known address for the individual medical defendants so that they may be served; and (5) deny without prejudice as premature Plaintiff's letter/motion for issuance of subpoenas (D.I. 35).

An appropriate order will be entered