IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JONATHAN BRYANT,                          :
                                          :
         Plaintiff,                       :
                                          :
    v.                                    :   Civil Action No. 16-613-RGA
                                          :
CONNECTIONS COMMUNITY                     :
SERVICE PROVIDER OF DELAWARE,             :
                                          :
         Defendant.                       :

---

Jonathan Bryant, Ellendale, Delaware; Pro Se Plaintiff.

Dana Spring Monzo, Esquire, and Roopa Sabesan, Esquire, White & Williams, Wilmington, Delaware, Counsel for Defendant Connections Community Support Programs, Inc.

**MEMORANDUM OPINION**

August 9, 2018
Wilmington, Delaware


**ANDREWS, U.S. District Judge:**

Plaintiff Jonathan Bryant, a former inmate at the Plummer Community Corrections Center in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and has been granted leave to proceed in *forma pauperis.* On June 29, 2018, Plaintiff was ordered to show cause why the case should not be dismissed for failure to prosecute. (D.I. 48). Plaintiff requested a settlement conference and then filed a response to the show cause order. (D.I. 51, 52). Defendant Connections Community Support Programs, Inc. (improperly named as Connections Community Service Provider of Delaware) filed a letter opposing the requested settlement conference and, in the letter, seeks its dismissal on the grounds of improper service. (D.I. 53). Plaintiff opposes. (D.I. 54).

## BACKGROUND

On March 20, 2017, the Court screened the amended complaint, identified cognizable and non-frivolous clams, and entered a service order for five medical defendants. (*See* D.I. 18). Summonses issued, service packets were sent to the United States Marshals Service, and executed returns were filed on the court docket that indicated the service packets were accepted by a Connections' employee. (D.I. 21, 22, 23, 24, 25). Defendants moved for dismissal for insufficient process and insufficient service of process. (D.I. 29). The Court denied the motion and entered an order that contained an address for the personal service of Connections through its authorized agent, Steven Davis, Esquire. (D.I. 36, 37). Plaintiff complied with the requisites of the order and another summons was issued to effect service upon Connections. (D.I. 39, 46). Connections is the only remaining defendant, all other defendants having been

1

dismissed. (*See* D.I. 11, 37, 45.) In the meantime, Plaintiff was released from prison. (*See* D.I. 39).

On March 15, 2018, service packets were forwarded to the United States Marshals Service. The summons for Connections was returned as executed in care of Steven Davis, Esquire, at Connections' address. (D.I. 47). The return of service indicates that the summons was served by a Deputy U.S. Marshal on Connections' receptionist on March 19, 2018. (*Id.*).

On June 29, 2018, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute. On July 6, Plaintiff telephoned the Clerk's Office and advised that he had changed his address and had not received the show cause order. The order was resent to his new address. On July 11, Plaintiff filed a letter/motion for a settlement conference. On July 16, he filed a response to the show cause order. On July 25, Connections responded, objected to a settlement conference, asserts that it was not properly served. Plaintiff opposes Connections' request for dismissal.

## DISCUSSION

**Show Cause**. The Court has reviewed Plaintiff's response to the show cause order and finds that he has shown cause why this matter should not be dismissed.

**Settlement Conference**. Plaintiff's request for a settlement conference is premature. Connections has not answered the Complaint and discovery has not yet commenced.

**Service**. The Court will deny Connections' letter/motion to dismiss for improper service. In the past, the Court was advised that Connections' policy was that it would

2

not waive service as set forth in Fed. R. Civ. P. 4(d). As a result, Connections had to be personally served with a summons and complaint. The record reflects a summons was issued for Connections' personal service through its attorney, Steven Davis. Plaintiff has complied with all court orders to serve Connections. Of note is that Plaintiff proceeds *pro se*, has been granted leave to proceed *in forma pauperis*, and relies upon the USMS to effectuate service.

The USMS delivered the service packet to Connections' address, the summons was issued to Connections in care of its attorney Steven Davis, and the return indicates that Connections' receptionist accepted the service packet. Connections states that the receptionist was not authorized to accept service on behalf of Connections but does not explain why the service packet was accepted if the receptionist was not authorized to do so.

Under Rule 12(b)(5), the Court has "broad discretion" in deciding whether to dismiss the complaint for insufficient service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). The Third Circuit has instructed that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Id.* Given that instruction, the Court will deny the letter/motion to dismiss for insufficient service of process.

Pursuant to Fed. R. Civ. P. 4(d), Connections was required to waive service. Its former position was that it would not waive service even though Rule 4(d) affirmatively imposes the "duty to avoid unnecessary expenses of serving the summons" upon the defendant. *Id.* If defendant "fails, without good cause, to sign and return [the] waiver" requested by plaintiff within a "reasonable time," the court "must impose on [defendant]":

(A) the "expenses later incurred in making service"; and (B) the "reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." See Fed. R. Civ. P. 4(d)(1)(F), 4(d)(2)(A), 4(d)(2)(B). Considering the foregoing, Plaintiff will be given another opportunity to personally serve Connections.

Finally, if the address where the receptionist accepted the service packet is not the correct address for service of Connections through Steven Davis, Esquire, then Connections shall advise the Court of the correct address to effect service. In the alternative, Connections may opt for service via electronic notification as set forth in the memorandum of understanding between this Court and Connections Community Support Programs, Inc., effective April 9, 2018.

## CONCLUSION

For the above reasons, the Court will: (1) deny the letter/motion for settlement conference (D.I. 51); (2) deny Connections' letter/motion to dismiss (D.I. 53); and (3) order Connections to provide its correct service address or, in the alternative Connections may opt for service via electronic notification. Plaintiff has shown cause why this matter should not be dismissed.

An appropriate Order follows.