UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JONATHAN BRYANT )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CONNECTIONS COMMUNITY SUPPORT )<br>PROGRAMS, INC. )<br>)<br>Defendants. )<br>) | C.A. No. 16-613-RGA<br><br>TRIAL BY JURY OF TWELVE<br>DEMANDED |

### CONNECTIONS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS

1.  Plaintiff seeks to repackage what is, at best, a state law claim of medical negligence as a constitutional claim of deliberate indifference against Connections. However, nothing in Plaintiff's Complaint, or in his response to Connections' Motion to Dismiss, supports such a claim. Plaintiff has not plausibly shown, through factual allegations, that Connections maintained a constitutionally defective policy, practice, or custom that would subject it to constitutional liability. Rather Plaintiff maintains his argument that Connections should be liable for the alleged *negligent* care (requiring him to take medication that allegedly caused various painful side effects, as opposed to Plaintiff's preferred naturopathic form of treatment) provided to him by its employees. Further, Plaintiff continues to make unsupported assertions that Connections' employees were deliberately indifferent to Plaintiff's medical needs, which do not satisfy even liberal pleading requirements for a *pro se* claim of deliberate indifference under 42 U.S.C. §1983.

2.  In his response, Plaintiff alleges that: (1) he gave consent under coercion, to an individual who was not an employee of Connections; (2) his mental health was reviewed every 6 months for 18 months by a Treatment Review Committee (TRC); and (3) that he informed the

21709736v.1

-2-

members of the TRC of the side effects he was experiencing and requested natural treatment instead, and that his ailments and requests were ignored. Plaintiff further claims to have been medicated by force, despite his also making contrary assertions in his Response demonstrating his consent and willing cooperation in his treatment plan. In sum, Plaintiff's primary concern is his devotion to being a naturopath and that his requests for "wholistic" treatment were allegedly ignored. Connections cannot be held liable under *respondeat superior* for the acts of its own employees, let alone individuals who were not its employees. Further, when there is treatment, disagreements as to the type of treatment provided to an inmate is not an actionable claim under 42 U.S.C .§1983.

3. As Connections pointed out in its Motion to Dismiss, imposition of constitutional liability against Connections cannot rest purely on allegations of misconduct by its employees. See *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978) ("[An entity] cannot be held liable solely because it employs a tortfeasor—or, in other words, [an entity] cannot be held liable under § 1983 on a respondeat superior theory.").

4. Plaintiff has additionally failed to plead the critical element of subjective knowledge: that a high ranking Connections officer with policy making authority had actual knowledge of, but was nevertheless deliberately indifferent to, an unreasonable risk of harm to Plaintiff and other inmates posed by a defective policy or custom. *See Barrett v. McDonald*, 2015 Del. LEXIS 5679732, at *18 (D. Del. Sept. 25, 2015) (noting that "subjective knowledge [] is a critical factor" and a party's failure to adequately plead it rendered that party's constitutional claim against the defendant implausible); *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) (explaining that the "knowledge element of deliberate indifference is subjective, not objective" which requires the defendant to both know of and disregard an

excessive risk to inmate health or safety). And as Connections further pointed out, to plead actual knowledge, Plaintiff must show past instances in which Connections "failed to respond adequately to a pattern of past occurrences of injuries." *Id.* at 134.

5. Furthermore, the right to treatment is limited to what is reasonable in cost and time. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4 Cir. 1977). The essential test is one of medical necessity, not treatment that is merely desired. *Id.* Additionally, where medical care is provided, the courts presume that the treatment of a prisoner is proper, absent evidence of medical negligence. *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017). Additionally, a question to the form or type of treatment does not represent cruel and unusual punishment, and is at most a claim of medical negligence, not a violation of the Eight Amendment warranting a 1983 action. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). A mere disagreement about the proper medical treatment, and allegations of medical negligence, are not sufficient to establish a constitutional violation. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Here, Plaintiff's claim is to the form of treatment, as he desired naturopathic treatment as opposed to the medication he was receiving. Plaintiff's disagreement of whether his treatment was proper is not a 1983 action, but at best a claim for medical negligence.

6. In short, although Plaintiff, as a *pro se* litigant, is entitled to liberal construction of his claims, the Court need not take as true every conclusory allegation by him in his effort to survive dismissal and to open the doors to discovery. The Third Circuit has explained that liberal construction of a *pro se* complaint simply requires that the court apply the relevant legal principles, even if not specifically mentioned, to the facts alleged. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Because Plaintiff had not plausibly shown that

Connections itself caused his alleged constitutional injuries, Connections is entitled to dismissal of the claims against it.

**WHEREFORE**, for the reasons set forth herein and in Connections' Motion to Dismiss, Connections respectfully requests that this Court dismiss Plaintiff's Amended Complaint with prejudice and grant such further relief as the Court deems just and proper.

                                    **WHITE AND WILLIAMS LLP**

                                    */s/ Karine Sarkisian*

                                    **DANA SPRING MONZO (#4605)**
                                    **KARINE SARKISIAN (#6202)**
                                    Courthouse Square
                                    600 North King Street, Suite 800
                                    Wilmington, DE  19801
                                    (302) 654-0424
                                    Attorneys for Defendant,
                                    Connections Community Support Programs

Date: October 31, 2018