IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONATHAN BRYANT, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 16-613-RGA |
| CONNECTIONS COMMUNITY SERVICE PROVIDER OF DELAWARE, | : |
| Defendant. | : |

Jonathan Bryant, Wilmington, Delaware. Pro Se Plaintiff.

Dana Spring Monzo, Esquire, and Karine Sarkisian, Esquire, White and Williams LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

July 8, 2019
Wilmington, Delaware

*[signature]*
ANDREWS, U.S. District Judge:

Plaintiff Jonathan Bryant was incarcerated when he commenced this action pursuant to 42 U.S.C. § 1983. He has since been released. He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. Before the Court is a motion to dismiss filed by Defendant Connections Community Support Programs, Inc. (improperly named as Connections Community Service Provider of Delaware), Plaintiff's opposition, and Plaintiff's motion for leave to amend. (D.I. 66, 74). Briefing is complete.

## BACKGROUND

The Amended Complaint alleges that during his incarceration Plaintiff was administered forced medication and he now suffers from numerous side effects as a result of the medication. (D.I. 16). The Court observes that the original complaint contained a prayer for relief, but the Amended Complaint does not.[1] Defendant moves to dismiss pursuant to Rule 12(b)(6) on the grounds that the Amended Complaint: (1) fails to state a claim for relief under 42 U.S.C. § 1983; and (2) fails to state a claim for medical negligence. (D.I. 66). Plaintiff opposes the motion to dismiss and moves to amend. (D.I. 74).

---

[1] Federal Rule of Civil Procedure 8(a)(2) and (3) require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "a demand for the relief," Fed. R. Civ. P. 8(a)(3). *See e.g., Scibelli v. Lebanon Cty.*, 219 F. App'x 221, 222 (3d Cir. 2007). *See also, Klein v. Pike Cty. Comm'rs*, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011) (failure to articulate a prayer for relief compels dismissal); *Liggon-Redding v. Souser*, 352 F. App'x 618, 619 (3d Cir. 2009) (affirming dismissal without prejudice where complaint failed to identify relief sought).

1

## LEGAL STANDARDS

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

**42 U.S.C. § 1983**. Plaintiff alleges that Defendant violated his constitutional rights. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). As Defendant correctly notes, Plaintiff seeks to hold it liable based upon respondeat superior. It is clear from the Amended Complaint's allegations that Plaintiff contends Defendant should be liable for the alleged acts and omissions of its employees. Indeed, in opposing the motion to dismiss Plaintiff states, "Connections needs to own responsibility for the actions of its employees." (D.I. 69 at 3).

When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992). In order to establish that Defendant is directly liable for the alleged constitutional violations, plaintiff "must provide evidence that there was a relevant [Connections] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot

3

be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories).

As pled, the Amended Complaint fails to state a viable § 1983 claim against Defendant. There are no references of any custom or policy of Defendant that caused any constitutional violation. Rather, the Amended Complaint speaks to actions taken by individuals, some of whom are not employed by Defendant. Therefore, the motion to dismiss the § 1983 claim will be granted.

**Medical Negligence.** To the extent Plaintiff attempts to raise a medical negligence claim under Delaware law, the claim fails. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act, 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003); 18 Del. C. § 6853. To the extent Plaintiff alleges medical negligence, at the time he filed his complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness. 18 Del. C. § 6853(a)(1). Plaintiff did not comply with the requisites of 18 Del. C. § 6853(a)(1). Therefore, the motion to dismiss the medical negligence claim will be granted.

**Amendment.** Since it appears plausible that Plaintiff may be able to articulate a claim against Defendant, he will be given an opportunity to amend his pleading. *See*

4

*O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption"). Accordingly, the Court will grant Plaintiff's motion for leave to amend. (D.I. 74).

## CONCLUSION

For the above reasons, the Court will: (1) grant Defendant's motion to dismiss (D.I. 66); and (2) grant Plaintiff's motion to amend (D.I. 74).

An appropriate order will be entered.