IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JONATHAN BRYANT,

    Plaintiff,

v. : Civil Action No. 16-613-RGA

CONNECTIONS COMMUNITY
SERVICE PROVIDER OF DELAWARE,

    Defendant.

---

Jonathan Bryant, Wilmington, Delaware. Pro Se Plaintiff.

Dana Spring Monzo, Esquire, and Karine Sarkisian, Esquire, White and Williams LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

September 30, 2019
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Jonathan Bryant was incarcerated when he commenced this action pursuant to 42 U.S.C. § 1983. He has since been released. He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. The Amended Complaint was dismissed on July 9, 2019, and Plaintiff was given leave to amend. (D.I. 75; D.I. 76). Plaintiff filed a Second Amended Complaint on July 17, 2019, followed by a clarification letter. (D.I. 77; D.I. 81). The Court screens and reviews the Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## BACKGROUND

Plaintiff commenced this action on July 15, 2016. (D.I. 2). The original complaint was dismissed upon screening and Plaintiff was given leave to amend. (D.I. 10; D.I. 11). Upon screening of the Amended Complaint, the Court identified what appeared to be cognizable and non-frivolous claims and allowed Plaintiff to proceed against Defendants Dr. David M. August, Connections Community Service Provider of Delaware, Dr. Michelle Markantun, Dr. Mark Richardson, and Ms. Callahan. (D.I. 18).

The United States Marshal Service appeared to have served Dr. Richardson on May 23, 2017. (D.I. 25). However, Dr. Richardson and Connections moved to dismiss for insufficiency of service. (D.I. 29). On January 9, 2018, the Court denied the motion to dismiss and ordered Connections to provide the last known address for Dr. Richardson so that he could be served. (D.I. 36; D.I. 37). The Order provided a date certain for Connections to provide the address and further ordered Plaintiff, within twenty-one days from Connections filing the information, to submit to the Court a

1

complete U.S. Marshal-285 form as well as a copy of the Amended Complaint for personal service upon Dr. Richardson. (D.I. 37).

Connections provided the information on January 17, 2018. On January 25, 2018, Plaintiff asked the Court to issue summons for Connections and provided a copy of the Amended Complaint but it was not identical to the Amended Complaint found at Docket Item 16. (D.I. 39). In addition, Plaintiff did not provide USM-285 forms as ordered by the Court. (*Id.*). Plaintiff had been released from prison and his letter indicated that he did not believe it was necessary for him to submit the required USM-285 forms. (*Id.*). Plaintiff did not request issuance of summons for Dr. Richardson. (*Id.*).

On March 9, 2018, the Court entered an Order that dismissed Dr. Richardson and other Defendants for Plaintiff's failure to request issuance of summonses within the required time-frame of the Court's January 9, 2018 Order. (D.I. 45). Dr. Richardson and all other Defendants, with the exception of Connections, were dismissed without prejudice for Plaintiff's failure to timely serve process as required by Fed. R. Civ. P. 4(m). (*Id.*).

On October 10, 2018, Connections, the sole remaining defendant filed a motion to dismiss. (D.I. 66). On July 9, 2019, the Court granted the motion to dismiss finding that, as pled, the Amended Complaint failed to state a viable § 1983 claim against Defendant, noting that that there were no references of any custom or policy of Defendant that caused any constitutional violation. (D.I. 75 at 5). Plaintiff was given leave to amend his pleading to articulate a claim against Defendant (*i.e.*, Connections). (*Id.*).

2

On July 17, 2019, Plaintiff filed a purported Second Amended Complaint. (D.I. 77). It alleges that from March 5, 2013 until November 2017, "it is clear that Dr. Mark Richardson was deliberately indifferent to serious medical needs." (*Id.* at 1). The Second Amended Complaint also alleges that Dr. Richardson "performed practices" that "were negligent to [Plaintiff's] medical needs" and that those practices "fell under the customs or policy of Connections." (*Id.* at 2). Given the lack of clarity regarding the Defendants, Connections sought clarification on how to proceed. (D.I. 79). Plaintiff then advised the Court that "the factual allegations against Defendants are set forth in my December 21, 2016 Amended Complaint, which is incorporated in [the] July 17, 2019 Second Amended Complaint." (D.I. 81 at 1-2). Plaintiff further states, "These pleadings include factual allegations that Dr. Richardson was deliberately indifferent to my serious medical needs. Therefore, the pleadings adequately state claims against both Dr. Richardson and Connections. (*Id.* at 2).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93

3

(2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

4

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

### A. Claims against Dr. Richardson

On March 9, 2018, Dr. Richardson was dismissed as a Defendant for Plaintiff's failure to serve pursuant to Fed. R. Civ. P. 4(m). (*See* D.I. 45). At no time following entry of the order did Plaintiff seek reconsideration of Dr. Richardson's dismissal or move to reinstate him as a Defendant. With regard to Dr. Richardson, Plaintiff has done nothing to prosecute the case against him. Moreover, when Plaintiff was given leave to amend, it was with regard to any potential claims against Connections and no other defendant.

Rule 4(m) states, "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service for

5

"an appropriate period" where "the plaintiff shows good cause for the failure." *Id.* Here, Plaintiff never sought additional time to serve Dr. Richardson and, at no time, provided any reason, much less good cause, for his failure to serve Dr. Richardson. Indeed, Plaintiff did not respond to the explicit directive in the January 9, 2018 Order that required him to request issuance of summons for Dr. Richardson and to provide a USM-285 form for Dr. Richardson so that he could be personally served. (*See* D.I. 37).

At no time did Plaintiff seek to reinstate Dr. Richardson as a defendant, Dr. Richardson has been dismissed and is no longer a party, and Plaintiff was not given leave to amend the claims against Dr. Richardson. Dr. Richardson was properly dismissed from this case. Plaintiff's attempts to reinstate his original claims against Dr. Richardson as part of his effort to amend the Complaint are untimely and improper. Plaintiff may not proceed against Dr. Richardson at this late date. All claims raised against Dr. Richardson will be dismissed.

### B. Claims against Connections

The claims against Connections were dismissed on July 9, 2019. The Memorandum Opinion and Order that dismissed the claims found that, as pled, the Amended Complaint failed to state a viable § 1983 claim against Connections, noting that there were no references of any custom or policy of Connections as is necessary to state a claim for a constitutional violation, and that the Amended Complaint referred to actions taken by individuals, some of whom were not employed by Connections.

The Second Amended Complaint alleges that Dr. Richardson "performed practices which fell under customs or policy of Connections CSP which were negligent to [Plaintiff's] medical needs." (D.I. 77 at 2). In his "clarification letter," Plaintiff explains

6

the factual allegations in the Amended Complaint are incorporated into the Second Amended Complaint. (D.I. 81 at 1-2). Plaintiff states that his pleadings adequately state claims.

The Second Amended Complaint fails to correct the pleading deficiencies of the Amended Complaint. It seeks to incorporate the Amended Complaint that was dismissed for failure to state a claim upon which relief may be granted and adds nothing but legal conclusions without supporting facts. Finally, it speaks to Connections' alleged negligence. As discussed in the July 9, 2019 Memorandum Opinion and Order, Plaintiff has not complied with the requisites to raise a medical negligence action under Delaware law. Nor are allegations of medical negligence sufficient to establish a Constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation). Accordingly, the Second Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Plaintiff was provided an opportunity to amend to cure his pleading defects as to Connections, yet he failed to do so. Because Plaintiff made no meaningful attempt to remedy the defects in his complaint, despite notice and his familiarity with the pleading requirements, granting him an opportunity to amend his complaint would be futile. *Jones v. Camden City Bd. of Educ.*, 499 F. App'x 127, 129 (3d Cir. 2012).

## CONCLUSION

For the above reasons, the Court will dismiss the Second Amended Complaint as frivolous for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Court finds amendment futile.

An appropriate order will be entered.